UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAWL WASHELESKI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>Defendants. | Case No. 25-cv-03918-EKL<br><br>**ORDER SCREENING COMPLAINT, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 4, 41 |

Self-represented Plaintiff Pawl Washeleski filed this action and an application to proceed *in forma pauperis*. *See* ECF No. 1 ("Complaint"), No. 3 ("IFP Application"). The Court granted Washeleski's IFP Application. ECF No. 40. In this Order, the Court screens the complaint and finds that it must be dismissed. This Order also resolves all pending motions in this case.

I.   **THE COMPLAINT IS DEFICIENT**

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Here, Washeleski asserts one claim under 42 U.S.C. § 1983 against the City of Santa Clara and the Santa Clara Police Department ("Santa Clara PD"). ECF No. 1-2 at 1. The Court concludes that this claim is untimely.

It is appropriate to address "statute of limitations issues" at the pleading stage, and to dismiss untimely claims, when the expiration of the limitations period is "apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). However, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set

1    of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*,
2    68 F.3d 1204, 1207 (9th Cir. 1995). "California's statute of limitations for personal injury actions
3    governs claims brought pursuant to 42 U.S.C. § 1983." *Colony Cove Props., LLC v. City of*
4    *Carson*, 640 F.3d 948, 956 (9th Cir. 2018). Therefore, Washeleski's claims are "subject to a two-
5    year statute of limitations." *Id.*; Cal. Civ. Proc. Code § 335.1. The complaint was filed on May 5,
6    2025; thus, Washeleski's claims are time-barred if they accrued before May 5, 2023.

7    According to the complaint, "[t]his case stems from a 2013 false arrest," when Washeleski
8    was allegedly "arrested, jailed, and humiliated . . . with no charges ever filed." ECF No. 1-2 at 1;
9    *see also* ECF No. 4 at 2 (requesting "declaratory relief recognizing the unlawfulness of the 2013
10   arrest"). In supplemental filings, Washeleski elaborates that, "[o]n April 22, 2013, [he] was
11   arrested by the Santa Clara Police Department for alleged perjury." ECF No. 10; *see also* ECF
12   No. 6. To the extent this arrest could support a Section 1983 claim or any other claim, the claim
13   would have accrued at the time of the arrest, at which point Washeleski was aware of the alleged
14   deprivation of his constitutional rights. *Yasin v. Coulter*, 449 F. App'x 687, 689 (9th Cir. 2011)
15   (holding that a civil rights claim accrues when the plaintiff knows or has reason to know of his
16   injury); *see also Mohlmann v. City of Burbank*, 179 Cal. App. 3d 1037, 1041 n.1 (1986) ("A cause
17   of action for false arrest accrues on the arrest and is actionable immediately.").

18   Washeleski does not allege any facts to delay the accrual of his claim, or to toll the
19   applicable statute of limitations. Washeleski states that, recently, the Santa Clara PD refused to
20   investigate his own claims of perjury against third parties because it does not "arrest people for
21   perjury." *See* ECF No. 10 at 1. Washeleski argues that this alleged failure to investigate "is in
22   direct conflict with [his] own 2013 arrest." *Id*. This may be an attempt to invoke the delayed
23   discovery rule – in other words, the Santa Clara PD's recent refusal to investigate Washeleski's
24   claims of perjury revealed the unfairness of Washeleski's own prior arrest for perjury. Under the
25   delayed discovery rule, "a cause of action accrues and the statute of limitations begins to run when
26   the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads
27   and proves that a reasonable investigation at that time would not have revealed a factual basis for
28   that particular cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005).

However, it is Washeleski's burden to demonstrate that the delayed discovery rule applies, *id.* at 808, and his allegations are insufficient. The basis of Washeleski's claim is that he was unlawfully arrested in 2013 for perjury that he did not commit. *See* ECF No. 6. Washeleski does not allege delayed discovery of these facts, or that relevant facts could not have been discovered through a "reasonable investigation" in 2013. *See Fox*, 35 Cal. 4th at 803. Accordingly, his claim must be dismissed as time-barred.

## II.   THE COURT GRANTS LEAVE TO AMEND THE COMPLAINT

Because this is the Court's first ruling on the legal sufficiency of Washeleski's claim, and because he is self-represented, the Court GRANTS leave to amend the complaint. However, Washeleski is advised that the Court may dismiss the complaint without granting further leave to amend if Washeleski fails to plausibly allege a timely claim in his amended complaint. Washeleski is also advised that any amended complaint must be filed as *one* document that contains all relevant allegations and clearly identifies each claim asserted against each Defendant, the relevant legal theory, and the relief sought. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996). Finally, to the extent the amended complaint refers to Washeleski's minor children, any such references must use the minor's initials instead of their full names to protect their privacy. *See* Fed. R. Civ. P. 5.2.

The Court also advises Washeleski that the District Court has a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants (https://cand.uscourts.gov/pro-se-handbook/), which provides instructions on how to proceed with a civil case. Washeleski can access the guide, and additional resources for *pro se* litigants, on the Northern District Court's website (https://cand.uscourts.gov/pro-se-litigants/).

## III.   THE PRELIMINARY INJUNCTION MOTION IS DENIED

Washeleski seeks "declaratory relief recognizing the unlawfulness of [his] 2013 arrest," an order for "third-party or external review of [his] notarized evidence of perjury," and "future injunctive protections against retaliation, suppression, or obstruction."[1] ECF No. 4 at 2. The

---

[1] The motion also requests expedited review of Washeleski's complaint. ECF No. 4 at 2. The Court considers this request moot because the Court has now reviewed the complaint.

1  motion must be denied for two reasons.

2  First, the Court "may issue a preliminary injunction only on notice to the adverse party."
3  Fed. R. Civ. P. 65(a)(1). Washeleski has not filed any proof that notice of the motion was
4  provided to any Defendant. Thus, the motion is improper.

5  Second, Washeleski has not satisfied the standard for obtaining the "extraordinary remedy"
6  of a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Among
7  other elements, Washeleski must establish that he is likely to succeed on the merits. *Id.* at 20.
8  Alternatively, he must raise "serious questions going to the merits" of his claim and show that "the
9  balance of hardships tips sharply in [the movant's] favor." *All. for the Wild Rockies v. Cottrell*,
10 632 F.3d 1127, 1131 (9th Cir. 2011). To raise serious questions, the movant's claim must be more
11 than just "plausible." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th
12 Cir. 2022). Here, for the reasons discussed above, Washeleski has not alleged a plausible claim.
13 Therefore, by definition, Washeleski has not raised serious questions going to the merits of his
14 claim, and he has not demonstrated a likelihood of success. Because this element is lacking,
15 Washeleski is not entitled to a preliminary injunction.

16 For these reasons, the motion for a preliminary injunction is DENIED.

## IV. THE MOTION TO APPOINT COUNSEL IS DENIED

18 Washeleski filed a motion seeking appointment of counsel because he is pursuing
19 "complex, multi-party civil-rights actions," and counsel is "necessary to ensure meaningful access
20 to justice and effective presentation of the claims." ECF No. 41 at 1. Washeleski notes that, under
21 28 U.S.C. § 1915(e)(1), appointment of counsel is appropriate where the plaintiff has
22 "demonstrated a likelihood of success on the merits" and either the case is complex or the plaintiff
23 is unable to represent himself effectively. *Id.*

24 Generally, the Supreme Court has not recognized a constitutional right to counsel in a civil
25 case – except where an indigent litigant may lose his physical liberty if he loses the litigation. *See*
26 *Turner v. Rogers*, 564 U.S. 431, 442-49 (2011); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S.
27 18, 25 (1981); *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no
28 right to counsel in civil actions."). However, a court "may request an attorney to represent any

4

1    person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Appointing counsel is discretionary
2    and is granted only in "exceptional circumstances."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
3    (9th Cir. 1986).  A finding of exceptional circumstances requires "an evaluation of the likelihood
4    of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his
5    claims" without counsel in light of the complexity of the legal issues involved.  *Agyeman v. Corr.*
6    *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).
7       Here, there are no exceptional circumstances that warrant appointment of counsel at this
8    time.  As discussed above, Washeleski has not demonstrated a likelihood that he will succeed on
9    the merits of his case.  *See, e.g., Koch v. City of Santa Cruz*, No. 24-cv-07684-HSG, 2025 WL
10   215567, at *4 (N.D. Cal. Jan. 16, 2025) (denying motion to appoint counsel on this basis).
11   Additionally, the Court does not find that the issues in this case are complex, or that Washeleski is
12   unable to articulate his claim.  Although Washeleski has failed to plausibly state a claim for the
13   reasons discussed above, this failure is a result of the legal deficiencies of his claim, and not due to
14   his lack of counsel or the complexity of the issues involved.  Accordingly, the Court DENIES the
15   motion to appoint counsel without prejudice to the Court *sua sponte* appointing counsel in the
16   future if appropriate under the circumstances.

### V.   PLAINTIFF'S REQUEST FOR ACCOMMODATION

Washeleski has also filed a request for accommodations under the Americans with Disabilities Act.  *See* ECF No. 9.  The Court directs Washeleski to the District Court's webpage, which can be accessed at the following web address:  https://cand.uscourts.gov/about-court/locations-hours/visitors-disabilities-special-needs.  As the website notes, "[a]lthough the United States Courts are not subject to the Americans with Disabilities Act (ADA), it is the Court's policy to remove disability-related barriers to court services by providing reasonable accommodations."  *Id*.  The webpage provides an overview of available services and provides the following email address for users to submit questions that are not answered on the webpage: accommodations@cand.uscourts.gov.  Washeleski may contact this email account to submit specific requests as necessary.

**VI.   CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. The Court DISMISSES the complaint with leave to amend. Washeleski shall file any amended complaint by January 16, 2026. If the amended complaint does not cure the deficiencies discussed in this Order, the Court may issue an order dismissing the complaint without leave to amend.

2. Service by the United States Marshals Service of the complaint or any other papers filed in this action is SUSPENDED until further order of this Court finding that Washeleski has plausibly stated a claim for relief.

3. The Court DENIES all other pending motions.

4. The case management conference scheduled for December 17, 2025, is VACATED and may be rescheduled as appropriate pending the Court's screening of an amended complaint.

**IT IS SO ORDERED.**

Dated: December 8, 2025

Eumi K. Lee
United States District Judge